**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE EDGARDO GARCIA-LUX,

      Petitioner,

v.                               No. 1:26-cv-01346-DHU-SCY

WARDEN, Torrance County Detention Center;
MARY DE ANDA-YBARRA, El Paso ICE Field
Office Director; TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, U.S. Secretary of
Homeland Security; and TODD BLANCHE,
Attorney General of the United States,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Jose Edgardo Garcia-Lux's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court GRANTS the Petition.

Petitioner is a native and citizen of Guatemala who entered the United States without inspection on April 9, 2024. *Id.* at 11. That same date, Petitioner was briefly detained by immigration officials, issued a Notice to Appear, which charged him as a noncitizen present in the United States who had not been admitted or paroled, and placed in removal proceedings. *Id.* at 30. Also, that same date, Petitioner was released on his own recognizance. *Id.* at 11, 35. Since his release, Petitioner has complied with his conditions of release, including attending his immigration court hearings and scheduled supervision appointments. *Id.* at 11.

On November 17, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") after ICE stopped a vehicle in which he was traveling as a passenger. *Id.* Petitioner was

subsequently transferred to the Torrance County Detention Center in Estancia, New Mexico, where he remains detained. *Id.* at 11, 38.

On April 29, 2026, Petitioner filed the instant Petition, where he, among other things, challenges his re-detention without an individualized determination, i.e., a hearing, as violating the Due Process Clause of the Fifth Amendment. *Id.* at 25-26. He requests a Writ of Habeas Corpus ordering Respondents to release him from custody or, alternatively, provide him with a bond hearing. *Id.* at 27.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner,

who entered without inspection in April 2024, was detained within the United States, and was subsequently released on his own recognizance for about two years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, June 29, 2026, confirming Petitioner's timely release.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

3